UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JEFFERY BATISTE | CIVIL ACTION |
| VERSUS | NO: 09-3023 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ET AL | SECTION: "J" (3) |

**ORDER AND REASONS**

Before the Court is the plaintiff's **Motion to Remand (Rec. Doc. 9)** and defendants State Farm Mutual Automobile Insurance Company and Christopher Morgan's **Motion for Leave to File Amended Petition for Removal and Consent of Removal of Christopher Morgan (Rec. Doc. 10)**. This motion, which is opposed, was set for hearing on April 29, 2009 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that the plaintiff's motion should be denied and the defendants' motion granted.

**Background Facts**

This case relates to a car accident in which the plaintiff,

Jeffrey Batiste, was injured. He filed suit in state court on February 3, 2009 against Christopher Morgan, Scruggs Towing and Recovery Service, Inc. ("Scruggs Towing"), State Farm Mutual Automobile Insurance Company ("State Farm"), and Progressive Security Insurance Company ("Progressive"). Morgan was driving the vehicle that struck the plaintiff's vehicle. He was employed by Scruggs Towing and State Farm was the insurer for both Morgan and Scruggs Towing. Progressive was named in the suit because the plaintiff believes that it provided additional liability insurance coverage to Morgan since he was operating a vehicle that it insured. There is some disagreement between the plaintiff and the defendants as to whether Progressive is the proper party. State Farm believes that the proper insurer is United Financial Casualty Company ("United"), not Progressive.

On February 6, 2009 the Citation and Petition for Damages were mailed to Morgan, a resident of South Carolina. See Ex. A and B, Rec. D. 9. Morgan signed for the delivery of the documents on February 11, 2009. Id. Affidavits of Service reflecting the fact that Morgan was served on February 6, 2009 were filed in the state court record on February 27, 2009. Id. Also, State Farm was served on February 11, 2009. Prior to the filing of a petition of removal Progressive was also served. On March 9, 2009 State Farm filed a petition to remove the case to this Court. Rec. D. 1. The petition states that at the time it

2

was filed, United, improperly named as Progressive, had also been served and consented to the removal. Id. The petition also states that none of the other defendants had been served at that time. Id.

**The Parties' Arguments**

Motion to Remand

The plaintiff has filed this motion to remand arguing that this case was not properly removed to this Court and therefore must be remanded to the state court. Specifically, the plaintiff asserts that the removal was defective pursuant to 28 U.S.C. § 1446(a) because at the time the petition of removal was filed defendant Morgan had been served but there is no evidence that he consented to the removal or joined in the removal, and State Farm has not explained the failure to include Morgan in the removal. Furthermore, nothing was filed in the record within the thirty-day period provided by 28 U.S.C. § 1446(b) to remedy the defect. Additionally, the plaintiff contends that this is a substantial defect that cannot be remedied after the thirty-day period has expired. The plaintiff also seeks attorney's fees and costs associated with the removal.

State Farm and Morgan have filed an opposition to the motion to remand. The defendants have filed this opposition together because State Farm is providing the defense for Morgan and they

are represented by the same counsel.  The defendants argue that the petition of removal filed by State Farm on March 9, 2009 satisfies the requirements of 28 U.S.C. § 1446(a).  The petition states that the state court record showed that United, improperly named as Progressive, had already been served and consented to the removal.  The petition also represented that the state court record reflected that none of the other defendants had been served and as a result their consent had not been sought.  State Farm admits that the affidavits of service for Morgan indicate that they were filed on paper with the state court on February 27, 2009, but argues that at the time the petition of removal was filed State Farm's counsel reviewed the state court record and the affidavits of service for Morgan had not been entered into the record.  As a result, the consent of Morgan was not sought.  State Farm also argues that Morgan's answer, filed after the removal on March 13, 2009 constitutes consent to the removal.  See Rec. D. 4.  The answer was filed by State Farm's counsel on behalf of State Farm and Morgan.  Morgan had the right to object to the removal but did not.  Additionally, State Farm acted reasonably and in good faith thus attorney's fees and costs are not warranted.

The plaintiff filed a reply memorandum to argue that Morgan's answer cannot constitute a consent to the removal because nowhere in the answer does it state that Morgan consents

to the removal or joins in the removal.  Also, plaintiff asserts that State Farm has identified no evidence to support the claim that the affidavits of service on Morgan were filed in the state court on February 27, 2009 but were not placed in the record by the time the petition of removal was filed on March 9, 2009. State Farm also does not explain why its counsel did not simply contact Morgan to see if he had been served yet since Morgan is a client of State Farm's counsel.

Motion for Leave to File Amended Petition for Removal

In response to the plaintiff's motion to remand State Farm and Morgan have filed a motion to amend the petition of removal to add Morgan's consent to the removal.  In support of the motion the defendants argue that 28 U.S.C. § 1653 allows for the correction of incorrect statements in the petition of removal. The diversity of the parties and the amount in controversy in this case has never been challenged.  The only fault in the petition of removal is the lack of consent from Morgan since he had already been served.  The defendants contend that the sole reason for this defect is that the affidavit of service for Morgan that was filed in the state court on February 27, 2009 was not placed in the record by March 9, 2009 when the petition of removal was filed.  As a result, the defendants argue that an

5

exceptional circumstance exists in this case that should allow for amendment of the petition of removal.

The plaintiff opposes the amendment of the petition of removal and argues that the defect in this petition is a substantial one that prohibits amendment. State Farm has produced no evidence to support its argument that the affidavit of service on Morgan was not in the state court record. It is possible that it was just overlooked by State Farm's counsel. Furthermore, whether the affidavit of service was in the record is not relevant. Morgan is a client of State Farm's counsel. Counsel could have easily contacted his own client to determine if he had been served.

## **Discussion**

The procedure for removing a case to federal court is set forth in 28 U.S.C. § 1446. The statute requires the removing party, here State Farm, to file "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). The defendant seeking to remove the case has thirty days in which to file the notice of removal from the date that the defendant received a copy of the initial pleading setting forth the plaintiff's claims. 28 U.S.C. § 1446(b). In a multi-defendant case, the Fifth Circuit adheres

to the first-served defendant rule by which the thirty day period for removal begins when the first defendant is served. Brown v. Demco, Inc., 792 F.2d 478, 481-82 (5th Cir. 1986). The Fifth Circuit also requires that in a multi-defendant action, all of the defendants must join in or consent to the removal. Id.

Both Morgan and State Farm were served on February 11, 2009. No party disputes that this set the deadline for removal pursuant to 28 U.S.C. § 1446(b) as March 13, 2009. On March 9, 2009 State Farm filed its petition of removal with this Court. Rec. D. 1. The petition of removal stated that at the time the only other defendant to be served was United, and United consented to the removal. Id. The petition further stated that: "Upon information and belief, service of citation and the petition have not been executed on the remaining defendants." Id. The petition of removal was proper in all respects except for the statement that no other defendants had been served. Defendant Morgan had been served on February 11, 2009. This fault with the petition of removal forms the basis of the plaintiff's motion to remand. The plaintiff has not argued that there is no diversity in the case or that the amount in controversy requirement is not satisfied pursuant to 28 U.S.C. § 1332. In opposition to the motion to remand State Farm has argued that its counsel reviewed the state court record prior to filing the petition to remand and did not find any evidence of service upon Morgan. State Farm

7

claims that although the affidavit of service on Morgan was stamped filed on February 27, 2009 the state court did not physically enter it into the record until after the petition of removal was filed.  Also, State Farm argues that Morgan filed an answer in federal court on March 13, 2009, within the thirty day removal period, and has not contested the removal.

The removing defendant is permitted to freely amend a notice or petition of removal during the thirty day period set forth by 28 U.S.C. § 1446(b).  After the thirty day period has expired amendment of the notice of removal is permitted.  28 U.S.C. § 1653.  Section 1653 allows that: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."  However, amendment of a notice of removal after the thirty day period is only permitted to "correct technical defects in the jurisdictional allegations." Ripoll v. White, No. 06-8537, 2007 WL 1017576, at *2 (E.D. La. Mar. 29, 2007)(Berrigan, J.)(citation omitted).  The Fifth Circuit has instructed that section 1653 "is to be broadly construed to avoid dismissals of actions on purely 'technical' or 'formal' grounds." Whitmire v. Victus Ltd., 212 F.3d 885, 887-88 (5th Cir. 2000). The ability of the district court to permit an amendment "turns on the nature of the jurisdictional defect." Id.  "While a district court can 'remedy inadequate jurisdictional

allegations,' it cannot remedy 'defective jurisdictional facts.'" Id. (citations omitted).

The sole defect in the petition of removal is the inaccurate statement that defendant Morgan had not yet been served at the time of the filing of the petition of removal. State Farm's counsel has represented to the Court that he reviewed the state court record at the time the petition of removal was filed and that there was no evidence in the record that Morgan had been served. Based on this information State Farm's counsel prepared an otherwise adequate petition of removal. The plaintiff has never argued that the parties to this action are not diverse or that the amount in controversy is not present. Within the thirty day period provided by 28 U.S.C. § 1446(b) defendant Morgan filed an answer in federal court. Additionally, counsel for State Farm and counsel for Morgan are the same since State Farm is providing Morgan's defense. The only fault with the petition of removal is the technical defect regarding Morgan that resulted from the inaccuracy of the state court record at the time of removal. As a result, even though the thirty day period provided by 28 U.S.C. § 1446(b) has now passed State Farm should be permitted to remedy this minor error in the removal petition. Accordingly,

**IT IS ORDERED** that the plaintiff's **Motion to Remand (Rec. Doc. 9)** is hereby **DENIED.**

**IT IS FURTHER ORDERED** that defendants State Farm Mutual Automobile Insurance Company and Christopher Morgan's **Motion for Leave to File Amended Petition for Removal and Consent of Removal of Christopher Morgan (Rec. Doc. 10)** is hereby **GRANTED**.

New Orleans, Louisiana, this 10th day of June, 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE